FILED

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

2008 SEP 25  AM 10: 27

CLERK, US DISTRICT COURT
OCALA, FLORIDA

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSSION, | |
| Plaintiff, | CIVIL ACTION NO. |
| v. | 5:08-CV-405-OC-10GRJ |
| DIXIE METAL PRODUCTS, INC.. | **COMPLAINT** |
| Defendant. | **JURY TRIAL DEMAND** |

## NATURE OF THE ACTION

This is an action under the Age Discrimination in Employment Act to correct unlawful employment practices on the basis of age, and to provide appropriate relief to Charging Party Michael McNeal. As alleged with greater specificity below, the Equal Employment Opportunity Commission charges that Defendant Dixie Metal Products, Inc. discriminated against McNeal when it refused to hire him because of age.

## JURISDICTION AND VENUE

1.  Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Sections 7(b) of the Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. § 626(b) (the "ADEA"), which incorporates by reference Sections (16)(c) and 17 of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §§ 216(c) and 217.

2.  The alleged unlawful employment practices were committed within the jurisdiction of the United States District Court for the Middle District of Florida, Ocala Division.

## PARTIES

3. Plaintiff, the Equal Employment Opportunity Commission, is the agency of the United States of America charged with the administration, interpretation and enforcement of the ADEA and is expressly authorized to bring this action by Section 7(b) of the ADEA, 29 U.S.C. § 626(b), as amended by Section 2 of Reorganization Plan No. 1 of 1978, 92 Stat. 3781, and by Public Law 98-532 (1984), 98 Stat. 2705.

4. At all relevant times, Defendant Dixie Metal Products, Inc. has continuously been a Florida corporation doing business in the State of Florida, City of Ocala, and has continuously had at least twenty (20) employees.

5. At all relevant times, Defendant Dixie Metal Products, Inc. has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 11(b), (g) and (h) of the ADEA, 29 U.S.C. §§ 630(b), (g) and (h).

6. Prior the institution of the lawsuit, the Commission's representatives attempted to eliminate the unlawful employment practices alleged below and to effect voluntary compliance with the ADEA through informal methods of conciliation, conference, and persuasion within the meaning of Section 7(b) of the ADEA, 29 U.S.C. § 626(b).

## STATEMENT OF CLAIMS

7. More than sixty (60) days prior to the institution of this lawsuit, McNeal filed a charge with the Commission alleging violations of the ADEA by Defendant.

8. All conditions precedent to the institution of this lawsuit have been fulfilled.

9. McNeal, a fifty-eight (58) year old male, applied for employment with Defendant in Ocala, Florida in March 2007.

10. Defendant is a company that specializes in the fabrication of metal products.

11. Since at least March 2007, Defendant has engaged in unlawful employment practices in violation of the ADEA, as follows:

    a. When McNeal applied to work for Defendant, one of Defendant's managers told McNeal that Defendant would likely hire him based on McNeal's qualifications for the job.

    b. Defendant's hiring manager asked McNeal to disclose his age and questioned how much life McNeal had left in him.

    c. After learning McNeal's age, Defendant's hiring manager ended the interview and did not offer McNeal employment.

    d. McNeal was qualified for employment with Defendant and had more than twenty years of relevant experience.

    e. During the same time period that McNeal applied to work for Defendant, Defendant hired persons who are substantially younger than McNeal.

    f. Defendant failed to hire McNeal because of age.

12. Since at least March 2007, Defendant has violated Section 7(a) of the ADEA, 29 U.S.C. § 626(a), by failing to make and preserve records required by the Commission necessary to the Commission's administration of the ADEA.

13. The effect of the practices complained of above has been to deprive McNeal of equal employment opportunities and otherwise adversely affect his status as an employee because of age.

14. The unlawful employment practices complained of above were willful within the meaning of Section 7(b) of the ADEA, 29 U.S.C. § 626(b).

## PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A.   Grant a permanent injunction enjoining Defendant, its officers, successors, assigns, and all persons in active concert or participation with them, from engaging in employment practices which discriminate on the basis of age.

B.   Order Defendant to institute and carry out policies and practices which provide equal employment opportunities for employees regardless of age, and which eradicate the effects of Defendant's past and present unlawful employment practices.

C.   Grant a judgment requiring Defendant to pay appropriate back wages in an amount to be determined at trial, an equal sum as liquidated damages, and prejudgment interest to McNeal, whose wages are being unlawfully withheld as a result of the acts complained of above.

D.   Order Defendant to make whole McNeal who was adversely affected by the unlawful practices described above, by providing affirmative relief necessary to eradicate the effects of Defendant's unlawful practices, including but not limited to rightful-place hiring and, in lieu thereof, front pay.

E.   Order Defendant to make and preserve records required by the Commission pursuant to Section 7(a) of the ADEA, 29 U.S.C. § 626(a).

F.   Grant such further relief as the Court deems necessary and proper in the public interest.

G.   Award the Commission its costs of this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.

Respectfully Submitted,

RONALD COOPER
General Counsel

JAMES L. LEE
Deputy General Counsel

GWENDOLYN Y. REAMS
Associate General Counsel

NORA E. CURTIN
Regional Attorney

MARIA KATE BOEHRINGER
Supervisory Trial Attorney

*/s/ Jimmy K. Edwards*
JIMMY K. EDWARDS
Trial Attorney
Arkansas Bar No. 2008088
U. S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
Miami District Office
2 South Biscayne Boulevard, Suite 2700
Miami, Florida 33131
Tel: (305) 808-1795 Direct
Fax: (305) 808-1835
Email: jimmy.edwards@eeoc.gov